UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRADLEY V. SMITH-OSTROUMOV, <br><br>Plaintiff, <br><br>v. <br><br>ANDRE LONG, CLARK COUNTY SCHOOL DISTRICT, *et al.*, <br><br>Defendants. | Case No. 3:18-cv-582-MMD-CBC <br><br>**SCREENING ORDER** |

On December 10, 2018, Plaintiff Bradley V. Smith-Ostroumov ("Smith-Ostroumov") filed an application to proceed *in forma pauperis* ("IFP") (ECF No. 2) and a *pro se* complaint (ECF Nos. 2-1 & 2-2). On February 25, 2019, Smith-Ostroumov filed a motion for leave to file an amended complaint and a first amended complaint. (ECF No. 11.) The Court will grant the application to proceed *in forma pauperis* and deny the motion for leave to amend.

**I.    IN FORMA PAUPERIS APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include

1  a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Smith-Ostroumov cannot pay the filing fee; therefore, the application is granted.

## II.    SCREENING STANDARD

Prior to ordering service on any defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigation proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (ii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915€(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be

granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The Court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**III.    SCREENING**

Liberally construed, Smith-Ostroumov's complaint alleges two causes of action. The first alleges a violation of Title VII of the Civil Rights Act, while the second alleges a violation of the Americans with Disabilities Act ("ADA"). (ECF Nos 2-1 & 2-2.)

According to the complaint, between 2011 and 2012, Smith-Ostroumov filed two complaints against "[his] Principal" and was subsequently retaliated against and forced to

retire. (ECF Nos. 2-1 & 2-2.) He recently learned his former principal is now the chief of human resources for the Clark County School District and is using that position to thwart Smith-Ostroumov's efforts at finding employment. (*Id.*) Specifically, in January 4, 2018, he applied for an administrative position with the school district and on January 17, 2018, he was informed he would not be considered for the position. (*Id.*) Smith-Ostroumov believes this is a direct result of Defendants providing "unfavorable references to [his] potential employers." (*Id.*)

    A.    <u>Title VII of the Civil Rights Act</u>

Smith-Ostroumov alleges Defendants retaliated against him for filing two Equal Employment Opportunity Commission ("EEOC") complaints in 2011 and 2012 against "[his] [p]rinicipal" in violation of title VII of the Civil Rights Act of 1964. (ECF No. 2-2.) Title VII broadly prohibits employment discrimination on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Title VII's antiretaliation provision, designed to prevent an employer from deterring employees from exercising their rights, "prohibits an employer from 'discriminat[ing] against' an employee or job applicant because that individual 'opposed any practice' made unlawful under Title VII or 'made a charge, testified, assisted, or participate in' a Title VII proceeding or investigation." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 56 (2006) (quoting 42 U.S.C. § 2000e-3(a)).

To prevail on a Title VII retaliation claim, a plaintiff must establish a prima facie case showing: (1) he engaged in a protected activity; (2) he suffered an adverse employment decision; and, (3) there exists a causal link between the protected activity and the adverse employment decision. *Folkerson v. Circus Circus Enterprises, Inc.*, 107 F.3d 754, 755 (9th Cir. 1997); *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982). "Protected activity encompasses participation in enforcing one's rights under Title VII or opposition to an employer's discriminatory conduct under Title VII." *Arya v. CalPERS*, 943 F.Supp.2d 1062, 1071 (E.D. Cal. 2013); *Learned v. City of Bellevue*, 860 F.2d 928, 932-33 (9th Cir. 1988). Filing a formal or informal complaint regarding

1  employment practices is a "protected activity," however, "in order to constitute a protected
2  activity, the plaintiff's belief that the employer engaged in unlawful employment practices
3  must be objectively reasonable." *Luckey v. Visalia Unified Sch. Dist.*, No. 1:13-cv-00332-
4  AWI-SAB, 2013 U.S. Dist. LEXIS 87170, 2013 WL 3166331, at *3 (E.D. Cal. June 20,
5  2013) (citing *Moyo v. Gomez*, 40 F.3d 982, 985 (9th Cir. 1994) and *McCarthy v. Tobacco
6  Co.,* 819 F. Supp. 2d 923, 932 (E.D. Cal. 2011)).

7  Additionally, to establish subject-matter jurisdiction over a Title VII claim, a plaintiff must exhaust his or her administrative remedies. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002). "Under Title VII, a plaintiff must exhaust [his] administrative remedies by filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge." *Id.* at 1099 (citing § 2000e-5(b)). "The administrative charge requirement serves the important purposes of giving the charged party notice of the claim and narrowing the issues for prompt adjudication and decision." *Id.* (citation and internal quotation marks omitted). "The scope of the EEOC complaint determines the permissible scope of the claims that may be presented in district court." *Harshaw v. Lew*, No. 1:16-cv-00963-AWI-SKO, 2016 U.S. Dist. LEXIS 93308, 2016 WL 3906913, at *2 (E.D. Cal. July 18, 2016). The EEOC complaint must be filed within 180 days of the alleged unlawful employment practice, or, if the person initially instituted proceedings with the state or local administrative agency, within 300 days of the alleged unlawful employment practice. § 2000e-5(e)(1). If the EEOC does not bring suit based on the charge, the EEOC will issue a "right to sue letter." § 2000e-5(f)(1). Once a person receives this letter, he has 90 days to file suit. *Id.*

23  Here, Smith-Ostroumov states a colorable claim under title VII of the Civil Rights Act. He filed two EEOC complaints in 2011 and 2012, and, in retaliation for those complaints, he was forced to retire in 2012. (ECF Nos. 2-1 & 2-2.) Additionally, he received unfavorable references from Defendants and was denied consideration for a Clark County School District position in 2018. (*Id.*) Therefore, Smith-Ostroumov may proceed on his title VII claim.

B. American with Disabilities Act

Smith-Ostroumov alleges generally that Defendants violated the Americans with Disability Act ("ADA"). (ECF Nos. 2-1 & 2-2.) He fails to identify which portion of the ADA Defendants allegedly violated and likewise fails to identify specific facts to support the allegation. His allegations are conclusory and are so unclear that it is impossible to discern what actions were taken that violated the ADA.

Smith-Ostroumov's allegations do not raise a right to relief above the speculative level, provide plausible grounds to suggest and infer the elements, or raise a reasonable expectation discover will reveal evidence of the required elements. Therefore, the Court concludes Smith-Ostoumov fails to state a colorable claim based on the ADA and dismisses this claim with leave to amend.

**IV. Motion for Leave to Amend**

Prior to screening the original complaint, Smith-Ostroumov filed a motion for leave to amend his complaint. (ECF No. 11). As noted above, complaints brought by parties proceeding *in forma pauperis* must be screened. *See* 28 U.S.C. § 1915(e)(2); *see also Lopez*, 203 F.3d at 1129. Until a complaint is screened and deemed to state a claim, there is no complaint to amend. Therefore, Smith-Ostroumov's motion to amend was procedurally improper and it is denied.

However, Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the complaint as stated in this order. If Plaintiff chooses to file an amended complaint he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations

that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff should file the amended complaint with the Clerk and it must be entitled "First Amended Complaint."

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) is **granted**. Additionally, Plaintiff's motion for leave to amend (ECF No. 11) is **denied**. Furthermore, the Court finds Plaintiff may **proceed** on his Title VII claims, however, his ADA claim is **dismissed with leave to amend**.

**IT IS FURTHER ORDERED** that the Clerk shall **FILE** the Complaint (ECF Nos. 2-1 & 2-2).

**IT IS FURTHER ORDERED** that the Motion for Leave to File an Amended Complaint (ECF No. 11) is **DENIED** as premature.

If Plaintiff chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, Plaintiff will file the amended complaint within 30 days from the date of entry of this order. If Plaintiff chooses to file an amended complaint, he shall entitle it "First Amended Complaint." If Plaintiff chooses to file an amended complaint, the Court will screen the amended complaint in a separate screening order. The screening process will take several months. If Plaintiff chooses not to file an amended complaint curing the stated deficiencies of the complaint, this action will proceed immediately on the Title VII claim only.

DATED THIS 3rd day of July 2019.

_____
UNITED STATES MAGISTRATE JUDGE