UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRADLEY V. SMITH-OSTROUMOV,<br><br>  Plaintiff,<br>v.<br><br>ANDRE LONG, *et al.*,<br>  Defendants. | Case No. 3:18-cv-00582-MMD-CLB<br><br>ORDER |

**I.   SUMMARY**

Plaintiff Bradley V. Smith-Ostroumov alleges that Defendants Andre Long and Clark County School District ("CCSD") retaliated against him in violation of Title VII of the Civil Rights Act of 1964 for filing charges with the U.S. Equal Employment Opportunity Commission ("EEOC"). (ECF No. 14 ("Complaint").) Before the Court are CCSD's motion to dismiss ("CCSD's Motion") (ECF No. 26), and Long's motion to dismiss ("Long's Motion") (ECF No. 35).[1] As further discussed below, the Court finds that Plaintiff fails to state a claim against Defendants and will therefore grant both motions.

**II.   BACKGROUND**

The following facts are adapted from the Complaint unless otherwise noted.

Plaintiff is a retired employee of CCSD. (ECF No. 14 at 4.) In 2011 and 2012, Plaintiff filed two charges with the EEOC[2] against CCSD, complaining of inappropriate behavior and retaliation by Principals Andre Long and Frank Pesce, which forced Plaintiff

---

[1]The Court has reviewed Plaintiff's responses to both motions (ECF Nos. 29, 35) and Defendants' respective replies (ECF Nos. 32, 38).

[2]The Court will take judicial notice of Plaintiff's EEOC charges because the Complaint relies on them (*see* ECF No. 14; ECF No. 9 at 17-23) and Plaintiff has not disputed their authenticity. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (citations omitted).

to medically retire in 2012. (*Id.*; ECF No. 29 at 17-23.) Plaintiff recently learned that his "previous Principal" has become Chief of Human Resources for CCSD. (ECF No. 14 at 4.) Plaintiff continues to face retaliation for the charges. (*Id.*) In January 2018, Plaintiff applied for the Substitute Administrator position with CCSD, but was not considered for the job. (*Id.*) Plaintiff also believes that Long "has been instrumental in providing unfavorable references to potential employers." (*Id.*)

Following screening, the Court permitted Plaintiff to proceed on a claim of retaliation under Title VII against Defendants for his 2012 retirement, his unfavorable references, and not being considered for the Substitute Administrator position. (ECF No. 13 at 7.)

## III.     LEGAL STANDARD[3]

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not

---

[3]Plaintiff argues that under *Swierkiewicz v. Sorema N.A.* the Complaint "does not need to pass Rule . . . 12(b)(6) muster in order to further his case." (ECF No. 29 at 3-5,10.) Plaintiff is incorrect. *See Twombly*, 550 U.S. at 570 ("*Swierkiewicz* did not change the law of pleading . . ..").

entitled to the assumption of truth. *Id.* at 678. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679 (alteration in original) (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *See Twombly*, 550 U.S. at 570.

While a court generally cannot consider matters beyond the pleadings on a motion to dismiss, the court may consider documents "'properly submitted as part of the complaint'" and "may take judicial notice of 'matters of public record.'" *Lee*, 250 F.3d at 688-89 (internal quotations omitted); *see also Mack v. South Bay Beer Distrib., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991) ("[O]n a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment.").

**IV.    DISCUSSION**

Defendants[4] seek dismissal of Plaintiff's Title VII claim for failure to state a claim, contending that Plaintiff fails to plead facts demonstrating a causal connection between Plaintiff's EEOC charges and any alleged retaliatory actions. (ECF No. 26 at 5-7.)[5] Plaintiff

---

[4]Long joined in CCSD's Motion and reply. (*See* ECF No. 35 at 4; *see also* ECF Nos. 26, 32.) Because the Court grants CCSD's Motion in its entirety, the Court declines to address the arguments in Long's Motion.

[5]Defendants also argue that that Plaintiff's retaliation claim based on his 2012 retirement is time-barred. (ECF No. 26 at 3-4.) However, Plaintiff is clear that his claim is based only on the alleged 2018 retaliation. (ECF No. 29 at 6.)

1  counters that he has sufficiently pleaded the causation element because the EEOC
2  charges "show a clear and present causal nexus" to the alleged 2018 retaliation. (ECF No.
3  29 at 13).[6] The Court agrees with Defendants.
4      To prevail on a retaliation claim, a plaintiff must first establish a *prima facie* case of
5  retaliation by demonstrating: (1) they engaged in a protected activity; (2) they suffered an
6  adverse employment action; and (3) there is a causal link between the protected activity
7  and the adverse employment action. *See Dawson v. Entek*, 630 F.3d 928, 936 (9th Cir.
8  2011). "Title VII retaliation claims require proof that the desire to retaliate was the but-for
9  cause of the challenged employment action." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570
10 U.S. 338, 352 (2013). "[C]ases that accept mere temporal proximity between an
11 employer's knowledge of protected activity and an adverse employment action as
12 sufficient evidence of causality to establish a prima face case uniformly hold that the
13 temporal proximity must be very close." *Clark Cty. School Dist. v. Breeden*, 532 U.S. 268,
14 273 (2001) (internal quotation marks omitted). However, the court must consider the
15 totality of the facts when determining whether the plaintiff has established a causal link
16 and may not base its decision solely on the length of time between the protected activity
17 and the adverse employment action. *See Coszalter v. City of Salem*, 320 F.3d 968, 978
18 (9th Cir. 2003).
19     Here, Plaintiff does not allege that the Chief of Human Resources—presumably
20 Long—was ever aware that Plaintiff was applying for the Substitute Administrator position,
21 much less that the prior EEOC charges were the but-for cause of Plaintiff not being
22 considered for the job. Moreover, Plaintiff alleges that CCSD retaliated against him in
23 January 2018 for EEOC charges he filed around six and seven years ago in May 2011

---

[6] Plaintiff's response raises new factual allegations against Long and references exhibits not attached to the Complaint. (*See* ECF No. 29 at 5, 7-12.) The Court may not consider these new allegations or exhibits at this stage. *See Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) ("Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.").

4

and March 2012. While no specific time period is per se too long to establish indirect evidence of causation, here the nearly six-year gap does not support an inference of causation. *See Clark Cty. School Dist.*, 532 U.S. at 273 (finding that "[a]ction taken . . . 20 months later suggests, by itself, no causality at all.") Finally, Plaintiff's allegation that the "Chief of Human Resources has been instrumental in providing unfavorable references" is conclusory and lacks any specific factual allegations such as when the references were provided and to whom. Accordingly, Plaintiff has not sufficiently pleaded the causation element of his retaliation claim. The Court will therefore grant both motions to dismiss.

The Court has discretion to grant leave to amend and should freely do so "when justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (*quoting* Fed. R. Civ. P. 15(a)). As Plaintiff is proceeding *pro se*, the Complaint has not been previously amended, and the Court cannot conclude that amendment would be futile, the Court grants leave to amend the Complaint to cure the deficiencies identified herein.

**V.  CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Defendant Clark County School District's motion to dismiss (ECF No. 26) is granted.

It is further ordered that Defendant Andre Long's motion to dismiss (ECF No. 35) is granted.

///

///

///

///

///

///

It is further ordered that Plaintiff may file an amended complaint to cure the deficiencies discussed herein by June 5, 2020. Failure to file an amended complaint within the prescribed time period will result in dismissal of this action with prejudice.

DATED THIS 8th day of May 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE